Joseph Ehrlich (State Bar No. 84359)
Mark R. Meyer (State Bar No. 238231)
LOSCH & EHRLICH
425 California St., Ste. 2025
San Francisco, California  94104
Telephone:   (415) 956-8400
Facsimile:    (415) 956-2150
Email:  je@losch-ehrlich.com

Attorneys for Defendants and Claimants
Clifford Gamble, Scott Hultsman,
Linda Sechser, Joseph Vassallo,
John J. Mayerhofer, Mark Swartz,
Timothy Menezes, Ian Filipini, and
Leland S. Prussia

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE CAPTIAL LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ePLANNING, INC., et al.,<br><br>Defendants. | Case No. 2:12-CV-01511-JAM-AC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, ENTERING JUDGMENT AND ORDERING DISBURSAL OF INTERPLEAD FUNDS**<br><br>Judge:          John A. Mendez<br>Courtroom:   6 |

The Motion of Defendants and Claimants CLIFFORD GAMBLE, SCOTT HULTSMAN, LINDA SECHSER, JOSEPH VASSALLO, JOHN J. MAYERHOFER, MARK SWARTZ, TIMOTHY MENEZES, IAN FILIPINI, and LELAND S. PRUSSIA ("Moving Claimants") for summary judgment came on regularly for hearing before this Court on February 5, 2014, counsel for moving parties and counsel for those parties filing a written opposition appearing.  After considering the moving and opposition papers, arguments of counsel and all other matters presented to the Court, the Court now rules and orders as follows:

The Motion for Summary Judgment is GRANTED.

This in an interpleader action.  Interpleader is a two-stage procedure. First, is a determination

of the stakeholder's right to interplead; second, is an adjudication of the merits of the various claimants' claims. *Mack v. Kuckenmeister* (9th Cir. 2010) 619 F.3d 1010, 1024.

On August 13, 2012, the plaintiff underwriters deposited $303,691.93 in the Registry of the Court. The funds consist of the remaining unpaid policy limits for a Claims-Made and Reported Professional Liability Insurance Policy ("E&O Policy") issued to ePlanning Securities, Inc. ("ePlanning"). Plaintiffs disclaimed any interest and the funds, and alleging the potential for multiple conflicting claims to the funds deposited.

On July 12, 2013, the Court dismissed with prejudice Underwriters from the action and discharged Underwriters from further liability for the funds. Docket No. 117.

On December 13, 2013, Moving Claimants filed the present motion for judgment in their favor and disbursement of the funds. Two groups of defendants and claimants filed written opposition to the motion, Norwacki et al., Oakldale et al., relying upon substantially similar facts and arguments ("Opposing Claimants"). Docket Nos. 119, 120.

The Moving Claimants have established that they are insureds under the E&O Policy who have incurred covered expenses exceeding the amount deposited with the Court. Docket No. 118-1, Material Facts 7-13.

The Opposing Claimants have not disputed these material facts. Accordingly, Moving Claimants have established a right to the funds.

The Opposing Claimants have not raised a triable issue of facts that they possess a competing right to funds of the E&O Policy. Opposing Claimants argue they entered into settlement agreements with ePlanning Securities, Inc. in which ePlanning assigned its rights to the E&O Policy to them. The settlement agreement also provided for a stipulated judgment to be entered against ePlanning and a covenant that Opposing Claimants would not to enforce the judgment.

The settlement agreements, stipulated judgments, and covenants not to sue do not create a triable issue of fact. First, the settlement agreements provided opposition claimants with rights to pursue a claim of bad faith breach of contract under two distinct insurance policies not at issue in this action. The settlement agreements excluded rights under the E&O Policy at issue in this action.

//

Second, to establish a claim as assignees of ePlanning, Opposing Claimants must present evidence that ePlanning has a right to payment under the E&O Policy and that ePlanning's claim has priority over those of Moving Claimants. See *Essex Ins. Co. v. Five Star Dye House, Inc.,* 38 Cal. 4th 1252, 1264, 137 P.3d 192, 198-99 (2006) [assignees stand in shoes of assignor].) Opposing Claimants have not presented evidence that ePlanning has any claim to the funds deposited with the court.

Finally, Opposing Claimants have not shown that any rights they may hold have priority over the claims of the Moving Claimants.

IT IS SO ORDERED.

Dated:  2/6/2014                                    /s/ John A. Mendez_____
                                                                 Hon. John A. Mendez
                                                                 United States District Court Judge